|  | DeROBERTS LAW FIRM | |
|---|---|---|
| | The Monroe Building | |
| | 333 East Onondaga Street, Suite 4A | Kristine Griffin |
| | Syracuse, New York  13202 | Paralegal |
| Jeffrey DeRoberts, Esq. | (315) 479-6445 | Rita Bianchi |
| jeff@derobertslaw.com | FAX (315) 295-2393 | Paralegal |

August 25, 2011

Hon. Frederick J. Scullin, Jr.
Senior Judge
U.S. Courthouse
100 South Clinton Street
PO Box 7255
Syracuse, New York 1326

**Re:** *U.S. v. Quashawn Blunt*
     **5:09-CR-337-012**

Dear Judge Scullin:

Please be advised that I reviewed the Presentence Investigation Report as prepared by the United State Probation Department with great detail with my client on August 15, 2011 at the Cayuga County Jail.  Additionally, at the request of my client, I also reviewed the report with my client's mother, Lisa Blunt, in my office on August 22, 2011.

My client and myself have no objection to the factual contents of the Presentence Investigation Report.  My client, pursuant to the plea agreement, does admit to overt acts #26 and #41 of the indictment.  However, my client does deny involvement as to overt acts #38 and #40 of said indictment.  Additionally, pursuant to the Presentence Investigation Report, it appears that the United States Attorney's Office admits that there is no corroborating evidence needed to meet the evidence standard in overact #40.  Additionally, we would like the Court to take note that the alleged victim in overt act #38 of which my client disputes has failed to come forward even though he was allegedly contacted by the United States Attorney's Office Victim Witness Coordinator.

At the present time, I would ask the Court to take particular note to my client's statements in paragraph #31, #32 and #33 of the Presentence Investigation Report in which he accepts responsibility for his actions in the present matter.  I have been representing Mr. Blunt for well over two years on the present matter and I believe that the aforementioned paragraphs portray my client as the person I have come to know over the said time.

Hon. Frederick J. Scullin, Jr.
August 25, 2011
Page 2

The defendant does not oppose the base offense level computation as conducted by the Probation Department. However, the defendant strongly believes that he should be entitled to a downward departure in said total offense level pursuant to U.S. Sentencing Guidelines Section 3B1.2(a) in which said defendant had a mitigating role. Pursuant to Section 3B1.2(a) of the guidelines, my client can be characterized as a minimal participant in a criminal activity thereby warranting a decrease of four levels of said total offense level. Pursuant to the guidelines, the aforementioned decrease is dependant upon the facts of the case as well as the Court weighing the totality of the circumstances. I would like to bring to the Court's attention that the Assistant U.S. Attorney prosecuting the aforementioned indictment believes that my client was the least culpable of all those involved in the conduct of said group. My client clearly lacked specific knowledge and scope of activities of the others in the group. This is obvious in that my client was going to high school full time and graduated from Fowler High School. Additionally, after graduation from high school, my client worked at Loretto as well as Walmart all along he was writing and producing music on his own free time.

Clearly, based upon the review of the facts of the Presentence Investigation Report, my client's activities in and out of the conspiracy warrant a deviation for a mitigating role. Additionally, it is clear from the Presentence Investigation Report as well as my representation of the client that my client was never involved directly in dealing drugs and typical activities of the other members of the gang. In fact, the main proof that the Government will produce at trial of my client's involvement in the aforementioned gang is his music as well as his My Space page. It is respectfully submitted that, although U.S. Sentencing Guidelines Section 3B1.2(a) should be used infrequently, this is the appropriate time for said reduction.

The defendant does not object to the defendant's criminal history computation as compiled by the Probation Department. It is respectfully submitted that my client be granted a 4-level reduction as previously stated which would impose a guideline sentence range of 37 to 46 months. Due to the fact that my client has been in custody in local jail since June 18, 2009, that in itself being a hardship as opposed to being in actual prison, that the Court consider a sentence of time served with appropriate post release supervision.

Respectfully submitted,


s/Jeffrey DeRoberts

JD/kg