```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

                              Plaintiff,

vs.                                          09-CR-337

SCHIQUAN HARRISON,

                              Defendant.
------------------------------------------------------x
```

Transcript of *CHANGE OF PLEA* held on June 22, 2010, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE FREDERICK J. SCULLIN, JR., Presiding.

A P P E A R A N C E S

```
For Plaintiff:     OFFICE OF THE UNITED STATES ATTORNEY
                   100 South Clinton Street
                   Syracuse, New York 13261-7198
                     BY:  JOHN M. KATKO, AUSA

For Defendant:     GREENE, HERSHDORFER LAW FIRM
                   One Lincoln Center
                   Suite 330
                   Syracuse, New York 13202-1309
                     BY:  THOMAS J. MURPHY, ESQ.
```

1               (Open court:)
2               MR. KATKO:  Good afternoon, your Honor, John Katko
3     for the United States.
4               THE COURT:  Mr. Katko.
5               MR. MURPHY:  Thomas J. Murphy for the defendant
6     Schiquan Harrison who is present, your Honor.
7               THE COURT:  Mr. Murphy.
8               Mr. Harrison, why don't you step forward with your
9     attorney, please.
10              THE CLERK:  John, could we get the Plea Agreement.
11              MR. KATKO:  Yes.
12              (Discussion held off the record.)
13              THE COURT:  All right.  Mr. Harrison, the Court has
14    before it an Indictment and a Plea Agreement.  It's my
15    understanding you wish to change your plea today and enter a
16    plea of guilty to this one-count Indictment charging you with
17    conspiracy to engage in a pattern of racketeering as part of
18    your membership in the 110 Gang in violation of United States
19    Code, Section 1962(d) of Title 18.
20              Now, before the Court can accept a plea from you, I
21    must be satisfied that you're entering into this plea of your
22    own free will and that you understand the consequences of
23    your plea.  So, at this time I'll have you placed under oath
24    and then I'll ask you some questions.
25              THE CLERK:  Please raise your right hand.

1          (Defendant duly sworn.)
2          THE COURT:  Would you state your full name and your
3   age, please.
4          THE DEFENDANT:  Schiquan T. Harrison, 24 years old.
5          THE COURT:  What is your formal education?
6          THE DEFENDANT:  GED.
7          THE COURT:  GED?
8          THE DEFENDANT:  Yes.
9          THE COURT:  What kind of work have you been doing?
10         THE DEFENDANT:  As far as?
11         THE COURT:  Have you been employed?
12         THE DEFENDANT:  Yes, I have been employed as like a
13  rec aide.
14         THE COURT:  Rite Aid?
15         THE DEFENDANT:  Rec aide.
16         THE COURT:  A recreation aid?
17         THE DEFENDANT:  Yes.
18         THE COURT:  Anything else?
19         THE DEFENDANT:  No, sir.
20         THE COURT:  Now do you have any addiction to drugs?
21         THE DEFENDANT:  No, sir.
22         THE COURT:  Any medical problems for which you're
23  now being treated?
24         THE DEFENDANT:  No, sir.
25         THE COURT:  Have you taken any drugs or medications

1    in the past 24 hours?
2         THE DEFENDANT:  No, sir.
3         THE COURT:  Now you have received a copy of the
4    Plea Agreement and the Indictment, is that correct?
5         THE DEFENDANT:  Yes.
6         THE COURT:  Have you reviewed them thoroughly with
7    your attorney?
8         THE DEFENDANT:  Yes.
9         THE COURT:  Do you have any questions about
10   anything contained in the Plea Agreement?
11        THE DEFENDANT:  No, sir.
12        THE COURT:  Do you feel you understand everything
13   that's there; is that correct?
14        THE DEFENDANT:  Yes, sir.
15        THE COURT:  Well, I won't go through the entire
16   Plea Agreement; but I will point out that, as I stated, it
17   does call for you to plead guilty to this conspiracy count in
18   the Indictment and, as set forth in the Plea Agreement, it
19   does point out that such a plea may carry with it a term of
20   imprisonment of up to life in prison.  Following any term of
21   imprisonment you'll be placed on supervised release for up to
22   5 years and that's where you live by terms and conditions set
23   by the Court.  If you were to violate any of those terms and
24   conditions, you would be brought back into court and possibly
25   sentenced to an additional period of time; do you understand

1 that?

2 　　　THE DEFENDANT:  Yes, sir.

3 　　　THE COURT:  There could, also, be a fine of up to
4 $250,000.  There will be a special assessment of $100 at the
5 time of the sentencing.

6 　　　Have you been convicted of a felony before?

7 　　　THE DEFENDANT:  Yes, sir.

8 　　　THE COURT:  So you know that, as the Plea Agreement
9 points out, there are collateral consequences that go with a
10 plea to a felony, civil consequences, such as the loss of the
11 right to vote and the right to possess a firearm.

12 　　　Now, you do, of course, have the right to continue
13 in your plea of not guilty and, if you did so, you'd have a
14 right to a trial by jury, during which time you'd have your
15 attorney with you to represent you.

16 　　　The government would have to prove you guilty
17 beyond a reasonable doubt of the charge here in this
18 Indictment.  We'll go into the elements of the charge in a
19 short period of time and the factual basis for the charge;
20 but they would have to satisfy a jury beyond a reasonable
21 doubt that you were guilty of this charge.

22 　　　You'd be able to challenge their evidence,
23 cross-examine the witnesses.  If you decided to do so, you
24 can take the stand and testify on your own behalf or you
25 could also call witnesses on your own behalf; but by pleading

1  here today you will waive all those rights associated with a
2  trial and there will be no trial.
3              And, of course, the plea here is the same as if
4  there were a trial and the jury were to find you guilty as
5  charged.
6              Perhaps, Mr. Murphy, you could advise the Court on
7  the record what you've done to review the charges against
8  your client with him and your satisfaction that he
9  understands the consequences here.
10             MR. MURPHY:  Your Honor, I've -- my client has been
11 housed at the Oneida County Correctional Facility.  I have
12 forwarded copies of all paperwork received on the case to
13 date to him and I've been to the facility down there three or
14 four times for meetings with him to make sure that he
15 understood each and every document received to include the
16 Indictment and this particular Plea Agreement and he is of
17 the understanding that he is pleading to Count 1 of the
18 Indictment but only Overt Acts 8 and 13 as contained in the
19 Indictment and that's spelled out in this Plea Agreement --
20             THE COURT:  All right.
21             MR. MURPHY:  -- as well.  So, I have -- I probably
22 have in the neighborhood of 50 or 60 hours to date on this
23 case and I don't believe that there's any facet of the case
24 or the government's case that my client is not aware of.
25             THE COURT:  So you've had a full discovery of the

1    evidence the government has acquired and intended to prove in
2    court?
3             MR. MURPHY:  Yes, your Honor, shy of the grand jury
4    minutes which we wouldn't be entitled to until ten days
5    before trial.
6             THE COURT:  All right.  Well, as your attorney
7    points out, Mr. Harrison, you've had ample opportunity to
8    review these documents then.  You're satisfied you have
9    sufficient information in which to make your decision to
10   plead guilty; is that correct?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  You understand that, as you enter your
13   plea here today, the Court cannot tell you what your sentence
14   will be?
15            THE DEFENDANT:  Yes, sir.
16            THE COURT:  It's only after I have reviewed a lot
17   more information about you and the conduct involved here that
18   I would be able to make such a determination and take into
19   consideration obviously the federal statutes that apply to
20   sentencing.  I will consider the Sentencing Guidelines.  Have
21   you discussed those with your attorney?
22            THE DEFENDANT:  Yes, sir.
23            MR. MURPHY:  He has been provided with copies of
24   the ranges for this type of offense, your Honor.
25            THE COURT:  Well, as to the Sentencing Guidelines,

1   I will consider them.  I am not bound by them and, of course,
2   it's up to the Court to decide what your Guidelines are and
3   how they apply.  I'm not bound by any representations made to
4   you by your attorney or by the government, or anyone else for
5   that matter; do you understand?
6           THE DEFENDANT:  Yes, sir.
7           THE COURT:  But I will consider that and I'll also
8   consider other factors and other criteria that's provided by
9   federal statute, such as the seriousness of the offense; the
10  need to promote respect for the law; the need to provide just
11  punishment for the offense; the need to avoid other people
12  from committing these crimes, so there needs to be a
13  deterrent quality to the sentence.  I also need to consider
14  the needs you may have as a defendant for treatment or
15  anything else that may impact upon sentence.
16          So there are a number of factors the Court has to
17  consider and I can only do that after I received a lot more
18  information about you.
19          THE DEFENDANT:  Yes.
20          THE COURT:  I will receive a Presentence Report --
21  you'll have input to that, as will your attorney -- from the
22  probation office.  It is a rather lengthy report.  It will
23  take some time to put that together.
24          You'll have an opportunity to address the Court as
25  to what concerns you may have and what you may feel is

1   appropriate for sentence, as will your attorney.  Of course,
2   the government will have that right and opportunity, as well.
3              So, after all these things have taken place and
4   I've reviewed all this, then and only then will I be able to
5   make a determination as to the appropriate sentence for you.
6              So, as you enter your plea here today, the only
7   thing you can be assured of is that the court will not
8   sentence you to a term greater than that allowed by statute,
9   which is life in prison.
10             THE DEFENDANT:  All right.
11             THE COURT:  Any questions about sentencing?
12             THE DEFENDANT:  No.
13             THE COURT:  Now, as to the elements of the charge
14  here and the factual basis for the plea that is set forth in
15  the Plea Agreement.  I will note as you point out,
16  Mr. Murphy, it does provide the defendant admits his
17  involvement in Overt Acts 8 and 13 as alleged in the
18  Indictment.
19             But, perhaps, Mr. Katko, you wish to summarize the
20  Plea Agreement as far as its elements and the factual basis
21  for the plea.
22             MR. KATKO:  Yes, sir.
23             As the Court noted, in the Plea Agreement there's
24  elements that is stated out in detail in Paragraph 4.  I will
25  simply summarize what's set forth therein.

1           There's essentially three elements that the
2  government would have to prove beyond a reasonable doubt,
3  were this case to go to trial.  First, that a conspiracy
4  existed between two or more persons; second, that at some
5  point during the existence of this conspiracy, the defendant
6  joined it; and, third, the conspiracy involved the
7  participation in the affairs of an enterprise known as the
8  110 Gang, which was engaged in or had some effect on
9  interstate commerce and which engaged in a pattern of
10 racketeering activities which included multiple acts of
11 violence and the possession and intent to distribute at least
12 50 grams of cocaine base.
13          With respect to the factual basis, your Honor,
14 that's set forth in detail in Paragraph 5 of the Plea
15 Agreement, we would prove that at some point after 1998, but
16 before June of 2009 when everyone was arrested in this
17 matter, in the Northern District of New York and elsewhere,
18 the defendant became involved in an enterprise known as the
19 110 Gang, which engaged in a pattern of racketeering activity
20 that included drug distribution and various acts of violence.
21 The 110 Gang was also referred to on the streets as Face Mobb
22 in honor of a slain fellow gang member.
23          The 110 Gang operated within a specifically defined
24 geographic area on the south side of the City of Syracuse and
25 they guarded that territory and resorted to acts of violence,

1  when necessary, to protect that territory in a drug trade
2  that flourished there.
3         As part of the membership, the defendant, and
4  others associated with the gang, obtained cocaine and crack
5  cocaine from various sources and redistributed to others
6  within and outside the territory.
7         The defendant admits his involvement in Overt Acts
8  8 and 13 as alleged in the Indictment.  However, as noted in
9  a footnote number one of the Plea Agreement, the defendant
10 does not admit his involvement in Overt Act Number 42 which
11 involved the shooting of an individual on November 24th,
12 2008.  In fact, the parties agree to disagree on this
13 particular issue and retain the option to present evidence on
14 this particular overt act at sentencing.
15        That is, in fact, your Honor, what the government
16 would prove, if case were to go to trial.
17        THE COURT:  Thank you.
18        Mr. Harrison, the facts as just related by Mr.
19 Katko, are they, in essence, correct?
20        THE DEFENDANT:  Yes, sir.
21        THE COURT:  Has anyone made any promises to you to
22 induce you to entering into this plea here today, other than
23 what's set forth in the Plea Agreement or has been put on the
24 record so far?
25        THE DEFENDANT:  No, sir.

1            THE COURT:  Okay.  Now there is a Paragraph 12 of
2    the Plea Agreement.
3            Mr. Katko, do you wish to summarize that?
4            THE DEFENDANT:  Yes, your Honor, Paragraph 12 of
5    the Plea Agreement pertains to a waiver appeal or collateral
6    attack of any sentence the defendant receives if he receives
7    a sentence of imprisonment of 188 months or less and that's
8    set forth in writing in the Plea Agreement.
9            THE COURT:  That's agreeable; is that correct?
10           THE DEFENDANT:  Yes, sir.
11           THE COURT:  All right.  Is there anything else you
12   wish to put on the record, Mr. Murphy, or, Mr. Harrison,
13   before I take the plea?
14           THE DEFENDANT:  No, sir.
15           MR. MURPHY:  No, your Honor.
16           THE COURT:  Mr. Katko?
17           MR. KATKO:  No, sir, your Honor, thank you.
18           THE COURT:  Now, with respect to Count 1 of
19   Indictment 09-CR-337, do you waive the reading of the count
20   in its entirety?
21           MR. MURPHY:  Do you waive the reading of the
22   Indictment --
23           THE DEFENDANT:  Yes, sir.
24           THE COURT:  -- which, in essence, charges you with
25   conspiracy to engage in a pattern of racketeering activity as

1    part of your membership in the 110 Gang, in violation of
2    Title 18, United States Code, Section 1962(d).
3               How is it you plead to this charge, then, guilty or
4    not guilty?
5               THE DEFENDANT:  Guilty.
6               THE COURT:  It is the finding of this Court that in
7    the case of the United States against Schiquan Harrison, that
8    the defendant is competent and is capable of entering an
9    informed plea.  His plea is supported by a basis in fact.  It
10   is a knowing and voluntary plea.  His plea is, therefore,
11   accepted and he is now adjudged guilty of that offense.
12              I will set sentencing date down for October 26th,
13   2010, at 11:30 a.m. in Syracuse, New York.
14              THE CLERK:  Court is adjourned.
15              (Proceedings were adjourned.)
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

       I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

                                                      _____

                                                  DIANE S. MARTENS, FCRR